*254 [¶1] This matter came before the Court upon a "Report and Recommendation for Order of Disbarment," filed herein May 18, 2018, by the Board of Professional Responsibility for the Wyoming State Bar, pursuant to Rule 12 of the Wyoming Rules of Disciplinary Procedure (stipulated discipline). The Court, after a careful review of the Board of Professional Responsibility's Report and Recommendation and the file, finds that the Report and Recommendation should be approved, confirmed, and adopted by the Court, and that Respondent, Samuel P. Krone, should be disbarred. It is, therefore,
[¶2] ADJUDGED AND ORDERED that the Board of Professional Responsibility's "Report and Recommendation for Order of Disbarment," which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further
[¶3] ADJUDGED AND ORDERED that, as a result of the conduct set forth in the Report and Recommendation for Order of Disbarment, Respondent, Samuel P. Krone, shall be, and hereby is, disbarred; and it is further
[¶4] ORDERED that, for purposes of reinstatement, the disbarment is considered effective August 24, 2016, the day this Court entered its "Order of Immediate Suspension" concerning Respondent; and it is further
[¶5] ORDERED that the Wyoming State Bar may issue a press release consistent with the one set out in the Report and Recommendation for Disbarment; and it is further
[¶6] ORDERED that Respondent shall comply with the requirements of the Wyoming Rules of Disciplinary Procedure, particularly the requirements found in Rule 21 of those rules. That rule governs the duties of disbarred and suspended attorneys; and it is further
[¶7] ORDERED that, pursuant to Rule 25 of the Wyoming Rules of Disciplinary Procedure, Mr. Krone shall reimburse the Wyoming State Bar the amount of $50.00, representing the costs incurred in handling this matter, as well as pay the administrative fee of $750.00. Mr. Krone shall pay the total amount of $800.00 to the Wyoming State Bar on or before July 31, 2018; and it is further
[¶8] ORDERED that the Clerk of this Court shall docket this Order of Disbarment, along with the incorporated Report and Recommendation for Order of Disbarment, as a matter coming regularly before this Court as a public record; and it is further
[¶9] ORDERED that, pursuant to Rule 9(b) of the Wyoming Rules of Disciplinary Procedure, this Order of Disbarment, along with the incorporated Report and Recommendation for Order of Disbarment, shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further
[¶10] ORDERED that the Clerk of this Court cause a copy of this Order of Disbarment to be served upon Respondent, Samuel P. Krone.
[¶11] DATED this 31st day of May, 2018.
BY THE COURT:
/s/ E. JAMES BURKE
Chief Justice
Attachment *255 BEFORE THE SUPREME COURT STATE OF WYOMING
In the matter of SAMUEL P. KRONE WSB # 6-3534, BPR No. 2016-093 Respondent.
REPORT AND RECOMMENDATION FOR ORDER OF DISBARMENT
THIS MATTER came before the Board of Professional Responsibility on the 8th day of May, 2018, for consideration of the Stipulation for Disbarment submitted pursuant to Rules 9 and 12 of the Wyoming Rules of Disciplinary Procedure, and the Board having reviewed the Stipulation, the accompanying affidavit of factual basis and being fully advised in the premises, FINDS, CONCLUDES and RECOMMENDS as follows.
1. Respondent Samuel P. Krone was admitted to the Wyoming State Bar in 2001. From 2003 until his termination in 2016, Respondent was employed as a deputy in the Park County Prosecuting Attorney's office.
2. On July 29, 2016, a Felony Information was filed in the Circuit Court, Fifth Judicial District, Park County, Wyoming, against Respondent, alleging seven counts of felony and misdemeanor violations by Respondent in the conversion of $9,633.71 in Park County Bar Association dues between 2011 and 2013, when Respondent was serving as the Treasurer of the Association.
3. On August 1, 2016, Bar Counsel for the Wyoming State Bar filed a "Petition for Immediate Suspension of Attorney" with the Wyoming Supreme Court pursuant to Rule 17 of *256 the Wyoming Rules of Disciplinary Procedure. Respondent did not file a response, choosing to properly resolve the criminal case, rather than potentially have the ability to practice law while the matter was pending. On August 24, 2016, the Court entered an Order of Immediate Suspension of Respondent, effective immediately. Respondent has remained under suspension since that date. On August 25, 2016, Bar Counsel filed a Formal Charge in the above-captioned proceeding pursuant to Rule 13, Wyo.R.Disc.Proc.
4. On October 12, 2017, in the District Court, Fifth Judicial District, Park County, Wyoming, pursuant to a written plea agreement which had previously been presented to the court, Respondent pleaded guilty to one count of violation of W.S. 6-3-402(b) and -(c)(i) and W.S. 6-3-410, a felony, and one count of violation of W.S. 6-3-402(a) and -(c)(iii), a misdemeanor, both of which arose from Respondent's wrongful conversion of funds belonging to the Park County Bar Association.
5. On October 26, 2017, a "Judgment, Sentence, and Order of Probation on Deferred Prosecution under Wyo.Stat.Ann. § 7-13-301" was entered against Respondent in which the court essentially accepted the written plea agreement. As to the felony count, the court deferred its finding of guilt and placed Respondent on three years' supervised probation pursuant to Wyoming Statute § 7-13-301. In the event Respondent does not successfully complete the probation for the felony count, the Court will accept the guilty plea on said count and proceed to sentencing.
6. As to the misdemeanor count, Respondent was sentenced to 180 days in jail (165 days suspended) and six months of probation to run concurrently with the probation ordered on the felony count.
*257 7. Respondent was also ordered to pay fees, surcharges and assessments in the amount of $845.00, and to pay restitution to the Park County Bar Association in the amount of $9,633.77. The remaining counts of the Felony Information were dismissed.
8. Respondent acknowledges that the Wyoming Rules of Professional Conduct provide, "A lawyer's conduct should conform to the requirements of the law, both in professional service to clients and in the lawyer's business and personal affairs." Preamble, note [5].
9. Respondent conditionally admits that in committing the foregoing crime, Respondent violated Rule 8.4(b) (commission of a criminal act that reflects adversely on the lawyer's honesty) and Rule 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit or mis-representation).
The Appropriate Sanction
10. The Wyoming Rules of Disciplinary Procedure require that disciplinary sanctions be determined by applying the ABA Standards for Imposing Lawyer Sanctions using the following factors:
(i) Whether the lawyer has violated a duty owed to a client, to the public, to the legal system, or to the profession;
(ii) Whether the lawyer acted intentionally, knowingly, or negligently;
(iii) The amount of the actual or potential injury caused by the lawyer's mis-conduct; and
(iv) The existence of any aggravating or mitigating factors.
Rule 15(b)(3)(D), Wyo.R.Disc.Proc.
11. ABA Standard 3.0 lists the factors to be considered in imposing a sanction after a finding of lawyer misconduct:
(a) the duty violated;
(b) the lawyer's mental state;
(c) the potential or actual injury caused by the lawyer's misconduct; and *258 (d) the existence of aggravating or mitigating factors.
12. Respondent's misconduct falls within the heading "Violation of Duties Owed to the Public," more specifically, "Failure to Maintain Personal Integrity" (Standard 5.1) for which Respondent conditionally admits disbarment is the presumptive sanction:
Absent aggravating or mitigating circumstances, upon application of the factors set out in Standard 3.0, the following sanctions are generally appropriate in cases involving commission of a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects, or in cases with conduct involving dishonesty, fraud, deceit or misrepresentation:
5.11 Disbarment is generally appropriate when:
(a) a lawyer engages in serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; or the sale distribution or importation of controlled substances; or the intentional killing of another; or an attempt or conspiracy or solicitation of any other commit any of these offenses; or
(b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.
5.12 Suspension is generally appropriate when a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously reflects on the lawyer's fitness to practice.
5.13 Reprimand [in Wyoming, public censure] is generally appropriate when a lawyer knowingly engages in any other conduct that involves dishonesty, fraud, deceit, or misrepresentation and that adversely reflects on the lawyer's fitness to practice law.
5.14 Admonition [in Wyoming, private reprimand] is generally appropriate when a lawyer engages in any other conduct that reflects adversely on the lawyer's fitness to practice law.
13. Respondent conditionally admits that in committing the crime of which he was convicted, Respondent acted intentionally; that is, with the conscious objective or purpose to accomplish a particular result.
14. Under the ABA Standards, "injury" is defined as "harm to a client, the public, the legal system, or the profession which results from a lawyer's misconduct. The level of injury can range from `serious' injury to `little or no' injury; a reference to `injury' alone indicates any *259 level of injury greater than `little or no' injury." "Potential injury" is defined as "harm to a client, the public, the legal system or the profession that is reasonably foreseeable at the time of the lawyer's misconduct, and which, but for some intervening factor or event, would probably have resulted from the lawyer's misconduct." Respondent conditionally admits that in committing the crime of which he was convicted, Respondent caused injury to the legal profession.
15. ABA Standard 9.0, entitled "Aggravation and Mitigation," provides as follows:
9.1 Generally
After misconduct has been established, aggravating and mitigating circumstances may be considered in deciding what sanction to impose.
9.2 Aggravation
9.21 Definition. Aggravation or aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed.
9.22 Factors which may be considered in aggravation. Aggravating factors include:
(a) prior disciplinary offenses;
(b) dishonest or selfish motive;
(c) a pattern of misconduct;
(d) multiple offenses;
(e) bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency;
(f) submission of false evidence, false statements, or other deceptive practices during the disciplinary process;
(g) refusal to acknowledge wrongful nature of conduct;
(h) vulnerability of the victim;
(i) substantial experience in the practice of law;
(j) indifference in making restitution; and
(k) illegal conduct, including that involving the use of controlled substances.
9.3 Mitigation.
9.31 Definition. Mitigation or mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed.
*260 9.32 Factors which may be considered in mitigation. Mitigating factors include:
(a) absence of a prior disciplinary record;
(b) absence of a dishonest or selfish motive;
(c) personal or emotional problems;
(d) timely good faith effort to make restitution or to rectify consequences of misconduct;
(e) full and free disclosure of disciplinary board or cooperative attitude toward proceedings;
(f) inexperience in the practice of law;
(g) character or reputation;
(h) physical disability;
(i) mental disability or chemical dependency including alcoholism or drug abuse when:
(1) there is medical evidence that the respondent is affected by a chemical dependency or mental disability;
(2) the chemical dependency or mental disability caused the misconduct;
(3) the respondent's recovery from the chemical dependency or mental disability is demonstrated by a meaningful and sustained period of successful rehabilitation; and
(4) the recovery arrested the misconduct and recurrence of that misconduct is unlikely.
(j) delay in disciplinary proceedings;
(k) imposition of other penalties or sanctions;
(l) remorse; and
(m) remoteness of prior offenses.
9.4 Factors Which Are Neither Aggravating nor Mitigating.
The following factors should not be considered as either aggravating nor mitigating:
(a) forced or compelled restitution;
(b) agreeing to the client's demand for certain improper behavior or result;
(c) withdrawal of complaint against the lawyer;
(d) resignation prior to completion of disciplinary proceedings;
(e) complainant's recommendation as to sanction; and
(f) failure of injured client to complain.
16. The parties stipulate that the following aggravating factors are present: (a) dishonest or selfish motive; (b) a pattern of misconduct; (c) multiple offenses; (d) substantial experience in the practice of law; and (e) illegal conduct.
*261 17. The parties stipulate that the following mitigating factors are present: (a) absence of a prior disciplinary record; (b) timely good faith effort to make restitution or rectify consequences of misconduct; (c) full and free disclosure to Bar Counsel and a cooperative attitude toward these disciplinary proceedings; (d) imposition of other penalties or sanctions; and (e) remorse.
18. Respondent and Bar Counsel agree and stipulate that in consideration of the foregoing, an order of disbarment beginning August 24, 2016 (the effective date of the Court's order of immediate suspension), is an appropriate and sanction for Respondent's misconduct, and the Board so finds. If the Court accepts the Board's recommendation and issues an Order of Disbarment in accordance herewith, Bar Counsel and Respondent agree to the following press release:
The Wyoming Supreme Court has issued an order disbarring Cody attorney Samuel P. Krone from the practice of law. The order of disbarment is effective August 24, 2016, the date the court previously issued an order of immediate suspension of Krone.
The disbarment resulted from Krone's guilty plea to one felony count (deferred pursuant to W.S. § 7-13-301) and one misdemeanor conviction arising from Krone's wrongful conversion of funds from the Park County Bar Association in 2011 and 2013, when Krone served as the association's treasurer. In criminal proceedings which concluded in October 2017, the district court in Cody approved a plea agreement and sentenced Krone to serve 15 days in jail, three years of supervised probation and ordered him to make restitution to the Park County Bar Association in the amount of $9,633.71, in addition to other terms.
*262 Shortly after the criminal charges were brought against Krone, the Wyoming Supreme Court issued an order immediately suspending Krone from the practice of law effective August 24, 2016, pending resolution of formal disciplinary proceedings against Krone. In stipulating to disbarment to be effective on the date of the court's order of immediate suspension, Krone admitted that his conduct violated Rules 8.4(b) (commission of a criminal act that reflects adversely on the lawyer's honesty) and Rule 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation) of the Wyoming Rules of Professional Conduct. Among the mitigating factors considered by the Board of Professional Responsibility were Krone's acceptance of responsibility for his conduct and his payment of full restitution to the Park County Bar Association. The board approved the stipulation and recommended it to the court, which accepted the board's recommendation. In addition to being disbarred, Krone was ordered to pay an administrative fee in the amount of $750.00 and costs of $50.00 to the Wyoming State Bar. Under Wyoming's Rules of Disciplinary Procedure for lawyers, Krone will eligible to petition for reinstatement five years after August 24, 2016, the effective date of the order of disbarment.
For the foregoing reasons, the Board of Professional Responsibility recommends that the Court issue an Order of Disbarment in accordance with the terms of this report and recommendation.
DATED this 16 day of May, 2018.
______________________________ Jason A. Neville, Chair Board of Professional Responsibility Wyoming State Bar