# IN THE SUPREME COURT, STATE OF WYOMING

## 2023 WY 7

*October Term, A.D. 2022*

**January 25, 2023**

BOARD OF PROFESSIONAL
RESPONSIBILITY, WYOMING
STATE BAR,

Petitioner,

v.

SAMUEL P. KRONE, WSB # 6-3534,

Respondent.

D-16-0005

## ORDER REINSTATING ATTORNEY TO THE PRACTICE OF LAW

[¶1]   **This matter** came before the Court upon a Report and Recommendation for Reinstatement, filed herein January 17, 2023, by a review panel of the Board of Professional Responsibility for the Wyoming State Bar, pursuant to a stipulation. By order entered May 31, 2018, this Court disbarred Respondent, with the period of disbarment beginning August 24, 2016. *Bd. of Pro. Resp., Wyoming State Bar v. Krone*, 2018 WY 55, 418 P.3d 253 (Wyo. 2018). Respondent subsequently sought reinstatement. *See* Rule 22, Wyoming Rules of Disciplinary Procedure. Now, after a careful review of Report and Recommendation for Reinstatement and the file, this Court finds the Report and Recommendation should be approved, confirmed and adopted by the Court and that Respondent Samuel P. Krone should be reinstated to the practice of law. It is, therefore,

[¶2]   **ADJUDGED AND ORDERED** that the Board of Professional Responsibility's Report and Recommendation for Reinstatement, filed herein January 17, 2023, which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed and adopted by this Court; and it is further

[¶3]   **ADJUDGED AND ORDERED** that the Respondent, Samuel P. Krone, be, and hereby is, reinstated to the practice of law in Wyoming, effective immediately; and it is further

[¶4]  **ORDERED** that, pursuant to Rule 9(b) Wyoming Rules of Disciplinary Procedure, this Order Reinstating Attorney to the Practice of Law, along with the incorporated Report and Recommendation for Reinstatement, shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

[¶5]  **ORDERED** that the Clerk of this Court shall docket this Order Reinstating Attorney to the Practice of Law, along with the incorporated Report and Recommendation for Reinstatement, as a matter coming regularly before this Court as a public record; and it is further

[¶6]  **ORDERED** that the Clerk of this Court transmit a copy of this Order Reinstating Attorney to the Practice of Law to the members of the Board of Professional Responsibility and to the clerks of the appropriate courts of the State of Wyoming.

[¶7]  **DATED** this 25th day of January, 2023.

BY THE COURT:

/s/

**KATE M. FOX**
**Chief Justice**

# BEFORE THE SUPREME COURT

## STATE OF WYOMING

IN THE SUPREME COURT
STATE OF WYOMING
FILED

JAN 17 2023

SHAWNA GOETZ, CLERK
by CHIEF DEPUTY

| | | |
|---|---|---|
| *In the matter of* | ) | |
| *SAMUEL P. KRONE* | ) | |
| *WSB # 6-3534,* | ) | D-16-0005 |
| | ) | |
| *Respondent.* | ) | |

---

## REPORT AND RECOMMENDATION FOR REINSTATEMENT

---

THIS MATTER came before a Review Panel ("Panel") of the Board of Professional Responsibility ("BPR") on the 10th day of January, 2023, for consideration of the Stipulation for Reinstatement ("Stipulation") filed herein on the 6th day of December, 2022. Present for the hearing held via Zoom were Panel members Christopher H. Hawks (chair), Debra J. Wendtland and Tandy Dockery (nonlawyer member). Mark W. Gifford, Bar Counsel, was present as was Respondent, Samuel P. Krone. The Panel, having reviewed the Stipulation, Respondent's Affidavit ("Affidavit"), having had the opportunity to ask questions of Bar Counsel and Respondent, and being fully advised in the premises, FINDS, CONCLUDES and RECOMMENDS as follows:

### Findings of Fact

1. Respondent Samuel P. Krone was admitted to the Wyoming State Bar in 2001. From 2003 until his termination in 2016, Respondent was employed as a deputy in the Park County Prosecuting Attorney's office.

2. On July 29, 2016, a Felony Information was filed in the Circuit Court, Fifth Judicial District, Park County, Wyoming, against Respondent, alleging seven counts of felony and misdemeanor violations by Respondent in the conversion of $9,633.71 in Park County Bar

Association dues between 2011 and 2013, when Respondent was serving as the Treasurer of the Association.

3. On August 1, 2016, Bar Counsel filed a "Petition for Immediate Suspension of Attorney" with the Wyoming Supreme Court pursuant to Rule 17 of the Wyoming Rules of Disciplinary Procedure. Bar Counsel initiated these proceedings based upon press coverage of the criminal charges that had been brought against Respondent; there was no complaint filed with the Office of Bar Counsel as contemplated by the Rules of Disciplinary Procedure. Respondent did not file a response to Bar Counsel's petition, choosing to properly resolve the criminal case, rather than potentially have the ability to practice law while the matter was pending. On August 24, 2016, the Court entered an Order of Immediate Suspension of Respondent. On August 25, 2016, Bar Counsel filed a Formal Charge in the above-captioned proceeding pursuant to Rule 13, Wyo.R.Disc.Proc.

4. On October 12, 2017, in the District Court, Fifth Judicial District, Park County, Wyoming, pursuant to a written plea agreement which had previously been presented to the court, Respondent pleaded guilty to one count of violation of W.S. 6-3-402(b) and (c)(i) and W.S. 6-3-410, a felony, and one count of violation of W.S. 6-3-402(a) and (c)(iii), a misdemeanor, both of which arose from Respondent's wrongful conversion of funds belonging to the Park County Bar Association.

5. On October 26, 2017, a "Judgment, Sentence, and Order of Probation on Deferred Prosecution under Wyo.Stat.Ann. § 7-13-301" was entered against Respondent in which the court essentially accepted the written plea agreement. As to the felony count, the court deferred its finding of guilt and placed Respondent on three years' supervised probation pursuant to Wyoming Statute § 7-13-301. In the event Respondent did not successfully complete the

2

probation for the felony count, the Court would accept the guilty plea on said count and proceed to sentencing.

6.     As to the misdemeanor count, Respondent was sentenced to 180 days in jail (165 days suspended) and six months of probation to run concurrently with the probation ordered on the felony count. Respondent was also ordered to pay fees, surcharges and assessments in the amount of $845.00, and to pay restitution to the Park County Bar Association in the amount of $9,633.71. The remaining counts of the Felony Information were dismissed.

7.     In disciplinary proceedings that followed the adjudication of his criminal matter, Respondent acknowledged that the Wyoming Rules of Professional Conduct provide, "A lawyer's conduct should conform to the requirements of the law, both in professional service to clients and in the lawyer's business and personal affairs." Preamble, note [5]. Respondent admitted that in committing the foregoing crimes, Respondent violated Rule 8.4(b) (commission of a criminal act that reflects adversely on the lawyer's honesty) and Rule 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation).

8.     Respondent's stipulation for order of disbarment and supporting affidavit were presented to and approved by the Board of Professional Responsibility (BPR). On May 18, 2018, the BPR submitted a report and recommendation for Respondent's disbarment effective August 24, 2016 (the effective date of the Wyoming Supreme Court's order of immediate suspension), to the Court.

9.     On May 31, 2018, the Court issued an order of Respondent's disbarment effective August 24, 2016. Pursuant to Rule 22(b)(1), W.R.Disc.P, Respondent was required to wait five years from the effective date of disbarment before filing a petition for reinstatement.

3

10. On August 1, 2022, Respondent filed a petition for reinstatement and paid the requisite $1,000.00 fee. As required by Rule 22(b)(1)(A), W.R.Disc.P., Respondent's petition for reinstatement was accompanied by a copy of Respondent's written request for preparation of a character report by the National Conference of Bar Examiners. Respondent's petition was timely under the rules.

11. Respondent is current on the payment of annual license fees and any late charges.

12. Respondent has complied with all continuing legal education requirements during the disciplinary period and has paid all necessary fees.

13. Respondent has paid all restitution ordered by the court in the underlying criminal proceeding.

14. Respondent has complied with all requirements of the Court's Order of Disbarment.

15. Because there was no complainant who initiated the underlying disciplinary proceeding, Bar Counsel could not have provided a copy of Respondent's petition for reinstatement to the complainant as required by the rules governing this proceeding.

### Respondent's activities during his suspension

16. As further detailed in his affidavit, Respondent has been employed by Magellan Health of Wyoming in Cody since June 2019 as a Family Care Coordinator, Case Manager and Family Support Partner in the High Fidelity Wraparound Program. High Fidelity Wraparound is a planning process that brings together people from a variety of areas to support families that have complex behavioral health conditions. The goal is to keep children in their homes, provide services in the community and avoid out-of-home placements. The program is funded through Medicaid. Magellan partners with the Wyoming Department of Health to provide these services.

4

17. At times, Respondent will receive a referral for a family to the program that is not eligible for Medicaid. Respondent has worked with these families informally to help coordinate services. Respondent finds this work rewarding.

18. Prior to Respondent's work at Magellan, Respondent worked at the Chrysalis Treatment Center in Powell, Wyoming, as a frontline staff member. Chrysalis is an inpatient treatment facility for teens with drug and alcohol problems. Respondent found this work to be difficult, but highly rewarding.

19. Through most of 2017 and through May of 2018, Respondent worked part-time as a desk clerk at the Cody Motor Lodge and was a caregiver to his cancer-stricken mother, who passed away in May 2018. Respondent feels very fortunate to have had the time to spend with her, particularly in her last year.

<u>Measures taken by Respondent to prepare to return to practice</u>

20. If granted the privilege to practice again, Respondent intends to work as a solo practitioner. Respondent has completed the Wyoming State Bar's self-audit checklist and intends to use this as his guide for practice. Respondent has taken several CLEs that focus on maintaining a small or solo practice, current civil and criminal law updates, and legal ethics. Respondent told Judge Simpson that he has an interest in representing patients in Title 25 proceedings, appointments relating to indigent clients, and pro bono work.

21. Respondent intends to have his law office's financial management system be beyond reproach. Respondent plans on using an encrypted cloud-based QuickBooks system for billing, with specific descriptive capability. Respondent's wife, who has an accounting degree, will be overseeing billing, bookkeeping, accounts receivables and all other aspects of the financial management of the firm. Respondent has also retained a CPA to provide additional

5

oversight for his practice. Respondent will ensure that all proper checks and balances exist in the firm. This will include intake forms, signed engagement letters, at least weekly communication with clients, weekly case management review, a confidentiality protection program, a conflict screening program and closing letters. If reinstated, Respondent intends to have a small, client-centered practice that also devotes a large amount of time to representing the under privileged.

22.     As he explains in his affidavit, if granted the privilege of practicing law again, Respondent intends to focus his efforts on why he wanted to be an attorney in the first place, helping people. He intends for his practice to focus on the indigent, underrepresented and youth. He also intends to continue to help those who cannot afford legal services through pro bono work. Respondent has been offered a part-time contract with the Public Defender's Office should his law license be reinstated, which Respondent intends to take. Respondent believes if he is reinstated, he could help people in adverse situations. Respondent believes that he still has much to offer the legal system, if given the opportunity.

### Respondent's remorse over the conduct leading to his suspension

23.     At his October 2017 sentencing hearing before Judge Marvin Tyler, Respondent expressed his remorse as follows:

> Thank you, your Honor. I would just like to begin by saying that I am so sorry for this whole situation and I am so apologetic not only to the bar association but to the State of Wyoming and to you, your Honor. I know that when all of this came about it became special everything, bringing in attorneys from the attorney general's office, you from your district, and I feel embarrassed and ashamed about all of this. I think that is important to note. When this all started, your Honor, I tried from the very beginning to be as cooperative as possible with law enforcement. I met with law enforcement on multiple occasions, provided them all documentation that they requested, was truthful with them. Prior to this matter being charged, I set up a -- once I found out the attorney general's office would be reviewing Agent Patrick's information and I set up a conference call where I can visit with the AG's and to say basically, let's get this resolved. I want to take care of this. I mentioned that on multiple occasions to the agent. I was even surprised when going through the documentation of what happened and the amount of

6

money that was unaccounted for. I was shocked by that, your Honor. I really, when we went through the documentation, I told Agent Patrick that it didn't match up. I was shocked by the amount. I certainly never intended it to be that way. I take full responsibility for that. I mean, I, from the very beginning was a pretty -- I did a sloppy job in terms of being the association's treasurer. I was not a good steward of their funds. There is no question about that.

And so I am very remorseful, your Honor. I am very, as I mentioned, embarrassed and ashamed to be here that of all the extra expenses that this involved in prosecuting someone who was a prosecutor. I think that is certainly a difficult thing as well.

I just wanted to mention that I at all times tried to make this right. In addition, your Honor, during this difficult year, it has been difficult. It has been hard to go through sometimes, but I have got great support from my wife and I have tried to be the best person I can be this past year. I can promise you, your Honor, that if you give me the opportunity to -- the privilege of probation, I won't be back. I will be successful at probation and I can guarantee you that, your Honor. If I were granted this privilege, I would honor it every day and work hard every day to honor it.

So, your Honor, I take full responsibility. This was my screw up, my mistake. I did everything I could to try to remedy it right away. I do -- I want to thank the attorney general's office and DCI for their hard work and their professionalism in the case. I want to apologize to the bar association. I certainly didn't want to impede any operations of the association, did at all times attempt to make things right, and I hope to earn back both their friendship and hopefully someday their trust so that is from the heart, your Honor, and certainly wish that I would have been more responsible with this position, but I wasn't. I have to take responsibility for that.

So, thank you, your Honor.

24.     Similarly, in stipulating to disbarment in the underlying disciplinary proceeding, Respondent stated, "I am extremely remorseful for my misconduct, for which I have accepted responsibility and for which I continue to pay a heavy, but deserved, price." *See* Respondent's affidavit of conditional admission supporting disbarment filed May 2, 2018, p. 3.

25.     In his affidavit in support of reinstatement, Respondent reiterates, "I have learned from mistakes, will not repeat those mistakes, and have a renewed sense of purpose to do good

7

work. I have often reflected over the last years how I failed and how I could improve if given another chance." *See* Affidavit, p. 12.

### Respondent has met the requirements for reinstatement

26.     Respondent asserts, and Bar Counsel concurs, that Respondent has met the requirements for reinstatement set forth in Rule 22(b)(4), W.R.Disc.P.:

> The attorney seeking reinstatement must prove by clear and convincing evidence that the attorney has been rehabilitated, has complied with all applicable disciplinary orders and with all provisions of these rules, has not engaged in the unauthorized practice of law, and is fit to practice law.

27.     Respondent has complied with all requirements of the Court's order of disbarment. Respondent is current on license fees and continuing legal education. He has made a compelling case for rehabilitation from the issues that led to his disbarment.

28.     In addition, Bar Counsel's review of the National Conference of Bar Examiners report regarding Respondent's character and fitness to practice law identified no cause for concern. Any questions regarding Respondent's recent credit report were met with an adequate explanation by Respondent.

29.     The Panel Finds, by clear and convincing evidence, that Respondent has been rehabilitated, has complied with all applicable disciplinary orders and with all provisions of these rules, has not engaged in the unauthorized practice of law, and is fit to practice law. In this regard, the Panel notes that nearly ten years have passed since Respondent committed the acts that led to his criminal prosecution and there have been no similar instances of dishonest, fraudulent or otherwise criminal conduct in the years since Respondent's underlying criminal conviction.

8

## Conclusions of Law

30.    Proceedings for reinstatement of a lawyer following disciplinary action are governed by Rule 22(b), W.R.Disc.P., which provides in pertinent part:

(b) *Reinstatement after disbarment or suspension for more than six months.* An attorney who has been disbarred or suspended for a period of greater than six (6) months may seek to return to active status by filing a verified petition for reinstatement with the BPR and serving a copy on Bar Counsel.

    (1) A disbarred attorney may not file a verified petition for reinstatement until five years after the effective date of the order of disbarment.

        (A) Concurrent with the filing of a verified petition for reinstatement, a disbarred attorney shall submit a written request for preparation of a character report to the National Conference of Bar Examiners and shall pay the requisite fee for such report. A copy of the request shall be attached to the verified petition for reinstatement.

        (B) A fee of one thousand dollars ($1,000.00) shall accompany the filing of a verified petition for reinstatement by a disbarred attorney.

    (2) An attorney who has been suspended for a period of greater than six (6) months may file a verified petition for reinstatement no sooner than ninety (90) days prior to the expiration of the period specified in the order of suspension unless another period is specified in the order. A fee of five hundred dollars ($500.00) shall accompany the filing of a verified petition for reinstatement by a suspended attorney.

    (3) The verified petition for reinstatement shall set forth the facts other than passage of time and absence of additional misconduct upon which the petitioning attorney relies to establish that the attorney possesses all of the qualifications required of applicants for admission to the Wyoming State Bar, fully considering the previous disciplinary action taken against the attorney, and shall include certification that:

        (A) The attorney is current on the payment of annual license fees and any late charges;

        (B) The attorney has complied with all continuing legal education requirements during the disciplinary period and has paid all necessary fees;

9

(C) Restitution has been made as ordered to any persons and the Client Protection Fund, including the source and amount of funds used to make restitution; and

(D) The attorney has complied with all requirements of the Court's disciplinary order.

(4) The attorney seeking reinstatement must prove by clear and convincing evidence that the attorney has been rehabilitated, has complied with all applicable disciplinary orders and with all provisions of these rules, has not engaged in the unauthorized practice of law, and is fit to practice law.

(5) A copy of the verified petition for reinstatement shall be served upon all complainants in the underlying disciplinary proceedings, who shall have thirty (30) days to submit their written comments to the BPR.

(6) *Reinstatement proceedings following disciplinary suspension or disbarment.*

(A) Immediately upon receipt of a verified petition for reinstatement, Bar Counsel shall conduct any investigation Bar Counsel deems necessary. The petitioner shall cooperate in any such investigation.

(B) Following investigation, Bar Counsel and the attorney may stipulate to reinstatement by submitting to the BPR a written stipulation and affidavit of the attorney which provides a detailed description of the factual basis for compliance with the requirements for reinstatement. Any such stipulation shall be approved or disapproved by a Review Panel. If the stipulation is approved, a report and recommendation shall be transmitted to the Court. If accepted by the Court, the Court shall issue its order stating that the attorney is reinstated to the practice of law, which may include any conditions the Court deems appropriate.

(C) If Bar Counsel and the attorney do not reach a stipulation for the attorney's reinstatement within 60 days of the filing of the verified petition for reinstatement and, if applicable, receipt of the character report of the National Conference of Bar Examiners, Bar Counsel shall file an answer to the petition. Thereafter, the petition for reinstatement shall proceed to a hearing before the Hearing Panel as provided in Rule 15.

(D) In deciding whether to recommend reinstatement, the Hearing Panel shall consider the attorney's past disciplinary record. The

Hearing Panel may condition a recommendation for reinstatement upon compliance with any additional requirements it deems appropriate, including but not limited to the payment of restitution to any person harmed by the misconduct for which the petitioner was suspended.

## Recommendation

In consideration of the foregoing Findings of Fact and Conclusions of Law, the Panel recommends that the Court issue an Order of Reinstatement of Respondent, Samuel P. Krone, as an active member in good standing of the Wyoming State Bar.

DATED this __10th__ day of January, 2023.

_____

Christopher H. Hawks, Chair
Review Panel of the Board of Professional
Responsibility
Wyoming State Bar

11